IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Andrew R. Boyce, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 C 50066 |
| vs. | ) | |
| | ) | |
| Judge Kevin Busch, Judge Judith Brawka | ) | |
| Judge Robert Spence, Vincent Zingarelli, | ) | Judge Philip G. Reinhard |
| Daniel Fisher, Psy. D., Michael T. Navigato, | ) | |
| and Victoria Zingarelli Boyce | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

For the reasons below, defendants' motions to dismiss [12], [14], & [16] are granted. Plaintiff's federal claims are dismissed with prejudice. To the extent plaintiff has asserted any state law claims, those are dismissed without prejudice. Plaintiff is on notice that any future attempts to assert frivolous claims in federal court will result in sanctions. All pending motions [34] are denied. This case is closed.

**STATEMENT - OPINION**

*Pro se* plaintiff, Andrew R. Boyce, brings this action against defendants Judge Kevin Busch, Judge Judith Brawka, Judge Robert Spence, Victoria Zingarelli, Michael T. Navigato, Daniel Fisher Psy. D., and Vincent Zingarelli (collectively "defendants"). In his complaint, plaintiff attempts to allege various federal and state law causes of action against all defendants. All of plaintiff's claims stem from his divorce and child custody proceedings that occurred in the Circuit Court of Kane County. While the specific causes of action are not entirely clear, it appears that plaintiff alleges defendants are liable under 18 U.S.C. § 241, 18 U.S.C. § 242, and 42 U.S.C. § 1983 as well as a number of Illinois statutes. *See* [1] at 2-8. The crux of the complaint is that each of the defendants performed illegal acts during plaintiff's divorce and child custody proceedings.

Defendants Judge Busch, Judge Brawka, Judge Spence, Michael Navigato, and Daniel Fisher have filed three separate motions to dismiss. See [12], [14], [16].[1] All three motions assert

---

[1]With respect to the remaining two defendants, Victoria and Vincent Zingarelli, it is clear from the record that plaintiff has failed to properly effectuate service on them. *See* [22]. On

1

that this entire case is barred by the doctrines of *res judicata* and collateral estoppel because plaintiff filed a nearly identical case in January 2013 before the Honorable Frederick J. Kapala. *See Boyce v. Zingarelli*, No. 13-C- 50011 (N.D. Ill. March 6, 2013); [34]. In that case, Judge Kapala dismissed plaintiff's federal claims with prejudice after he determined that plaintiff failed to state a federal claim. *See id.* Defendants contend the instant complaint has identical allegations to the January 2013 complaint and this case is therefore barred by *res judicata*. Additionally, each group of defendants argue that dismissal is also appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has filed an "amended answer" which purports to respond to all three motions. *See* [25]. He claims the doctrines of *res judicata* and collateral estoppel are inapplicable because he has unique allegations in this complaint and has named new defendants. In his response, plaintiff also disputes the specific reasons each group of defendants has set forth regarding Rule 12(b)(6).

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. Similar to a Rule 12(b)(6) motion, the district court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999)). However, surviving a Rule 12(b)(1) motion to dismiss is more difficult than a 12(b)(6) motion because unlike a 12(b)(6) motion, in a 12(b)(1) motion, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To survive dismissal, a plaintiff must support their allegations with competent proof of jurisdictional facts.

---

April 30, 2014, plaintiff filed a motion for default judgment against defendants Victoria and Vincent Zingarelli because they had failed to respond or otherwise plea. *See* [20]. However, Magistrate Judge Iain D. Johnston denied plaintiff's motion and informed him that service by USPS delivery was unacceptable under Federal Rule of Civil Procedure 4(e)(2). *See* [22]. To date, plaintiff has failed to properly serve defendant Victoria and Vincent Zingarelli. As a result, these two defendants have neither answered the complaint nor filed a motion to dismiss. For the reasons more fully articulated later in this opinion, the court finds the entire case is barred by the doctrines of *res judicata,* collateral estoppel*,* and *Rooker-Feldman*. As a result, plaintiff's claims against Victoria and Vincent Zingarelli are also dismissed.

2

*Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir.1987). If necessary, a district court is permitted to look beyond the jurisdictional allegations and examine evidence outside of the pleadings to determine whether federal subject-matter jurisdiction exists. *St. John's*, 502 F.3d at 616.

### A. *Rooker-Feldman*

Prior to addressing the specific arguments in each of the motions to dismiss, the court finds it necessary to point out that a substantial portion of the relief plaintiff seeks is unattainable in federal court. In his prayer for relief, plaintiff asks this court to dismiss his divorce case in Kane County and vacate all orders from that case. [1] at 9. He then requests that this court grant him a change in venue for the divorce case. Additionally, plaintiff seeks to have this court enter an order directing the Winnebago States Attorney's office to investigate defendant Victoria Zingarelli, issue an injunction to prevent Victoria Zingarelli from keeping plaintiff's children, and enter an order directing Victoria Zingarelli to return the children to plaintiff. *Id.* Finally, plaintiff seeks monetary relief for the damages he incurred to his "credit [and] character . . . " as a result of the divorce and child custody proceedings. *Id.* at 9-10.

The Rooker-Feldman doctrine limits a district court's jurisdiction regarding claims "brought by state-court losers complaining of injuries caused by state-court judgments . . . [.]" *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The doctrine prevents a district court from reversing or modifying a state court judgment even when the "judgment might be erroneous or even unconstitutional." *Gilbert v. Ill. State Bd. Of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010). However, there are limits as to how far the Rooker-Feldman doctrine reaches. "Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry." *Taylor v. Fed. Nat. Mortgage Ass'n*, 374 F.3d 529, 532-33 (7th Cir. 2004). On the other hand, claims that are independent of state court proceedings and are not "inextricably intertwined" with a state court judgment are within a district court's jurisdiction. *Id.* If a court determines that a plaintiff's claim is "inextricably intertwined," that does not end the inquiry. The Seventh Circuit instructs courts to then determine whether the plaintiff had a "reasonable opportunity to raise the issue in the state court proceedings." *Id.* If he did, the claim is barred. If, however, the plaintiff claims he did not and "point[s] to some factor independent of the actions of the opposing party that precluded the [plaintiff] from raising [his] [] claims[,]" Rooker-Feldman does not apply. *Id.* (citing *Long v. Shorebank Development Corp.*, 182 F.3d 548, 558 (7th Cir. 1999)).

After reviewing the instant complaint, the court finds that the Rooker-Feldman doctrine bars most, if not all, of plaintiff's claims. While many of plaintiff's allegations are convoluted and disjointed, it appears that the majority of his claims relate to injuries he allegedly suffered as a result of the state court decisions in his divorce proceedings. *See* [1] at 2-8. These claims are undoubtedly "inextricably intertwined" with the state court proceedings and in fact plaintiff has gone so far as to ask this court to dismiss the state court judgment. *See* [1] at 9. This is a de facto appeal and is barred by the Rooker-Feldman doctrine. *See Davit v. Davit*, 366 F. Supp. 2d 641, 651 (N.D. Ill. 2004) (concluding that a plaintiff's RICO claim stemming from his state court

divorce proceedings should be dismissed because it was, among other reasons, barred by the Rooker-Feldman doctrine); *Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994) (holding that a plaintiff's suit against his former wife, her attorney, and the state court judge who presided over the divorce proceedings was barred by the Rooker-Feldman doctrine as well as other reasons); *Hass v. Rico Enter.*, No. 03-8695, 2004 WL 1385837 at *1 (N.D. Ill. Jun. 18, 2004) (finding that a plaintiff's attempt to challenge the dissolution of his marriage and his child custody proceedings under RICO and 42 U.S.C. § 1983 in federal court was barred by the Rooker-Feldman doctrine). Accordingly, the court concludes that it lacks subject-matter jurisdiction over plaintiff's claims under the Rooker-Feldman doctrine. As explained in greater detail below, to the extent that a generous construction of plaintiff's complaint may find that there are putative claims that are not reached by the Rooker-Feldman doctrine, the court finds that defendants' motions to dismiss should be granted under Rule 12(b)(6) for multiple, independent reasons.

### B. Defendants Judge Kevin Busch, Judge Judith Brawka, and Judge Robert Spence's Motion to Dismiss [14]

Judges Kevin Busch, Judith Brawka, and Robert Spence have filed a joint motion to dismiss. *See* [14]. In it, they argue that plaintiff's entire complaint is barred by the doctrines of *res judicata*, collateral estoppel, and Rooker-Feldman. Alternatively, Judges Busch, Brawka, and Spence contend plaintiff's claims against them fail because they are entitled to absolute immunity for their actions as judicial officers.

Plaintiff responds that the doctrine of *res judicata* is inapplicable because his first suit "did not include the actions of Defendant Busch [in] August 2013, Defendant Brawka [in] January 2014, and [the] actions of Defendant Spence in December 2013." [21] at 1. He also claims that *res judicata* does not apply because Judge Brawka and Judge Spence were not defendants in his prior case and he "did not have a full and fair opportunity to litigate" his claims against defendant Busch. *Id.* at 2. Plaintiff appears to rebut the judges' argument concerning immunity by claiming that all three judges "violated the laws of State of Illinois" and Judge Brawka "neglected her ministerial duties as Chief Judge." [21] at 1-2.

Setting aside the *res judicata* issue, it is well established that state court judges are entitled to absolute immunity for acts committed in the exercise of their judicial capacity. *See Imber v. Pachtman*, 424 U.S. 409, 431 (1976); *see also Cooney v. Rossiter*, 583 F.3d 967, 969 (7th Cir. 2009) (noting that a state court judge who was involved in a plaintiff's child custody proceedings was entitled to absolute immunity in a plaintiff's subsequent Section 1983 claim.). Here, plaintiff specifically alleges that Judges Busch, Brawka, and Spence are liable for the various acts they committed during the course of his divorce and child custody proceedings. While plaintiff argues that the judges are not entitled to immunity because they have violated Illinois law and entered into a conspiracy against him, this argument fails. All of the specific acts that plaintiff complains of, such as Judge Busch denying plaintiff's motion for substitution or Judge Brawka neglecting her duties as Chief Judge, occurred in the course of defendants' actions as judges. Thus,

regardless of whether the judges violated the law or entered into a conspiracy against plaintiff, their actions occurred in the course of their roles as judges and they are therefore entitled to immunity. As such, Judges Busch, Brawka, and Spence's motion to dismiss [14] is granted. *See Cooney*, 583 F.3d at 970.

### C. Defendant Daniel Fisher's Motion to Dismiss [12]

Defendant Daniel Fisher, Psy. D. has filed his own motion to dismiss. *See* [12]. In it, he argues that plaintiff's claims against him fail for a number of reasons. Among those reasons, he contends that he is entitled to absolute immunity because plaintiff's allegations against him relate to his actions as a court-appointed psychologist in plaintiff's child custody proceedings. Plaintiff responds that Fisher is not entitled to immunity because he perjured himself during the child custody proceedings. *See* [25] at 12.

Plaintiff's argument here fails for the same reasons as his argument regarding the inapplicability of absolute immunity for Judges Busch, Brawka, and Spence. In fact, in *Cooney v. Rossita*, the Seventh Circuit rejected an identical argument. *Cooney*, 583 F.3d at 970. There, the Seventh Circuit first noted that "court-appointed experts, including psychiatrists, are absolutely immune from liability for damages when they act at the court's direction . . .[because] [t]hey are arms of the court . . . and deserve protection from harassment by disappointed litigants, just as judges do." *Id.* at 970 (citations omitted). Because of this, the Seventh Circuit in *Cooney* rejected a plaintiff's argument that two guardian ad litem defendants were not entitled to immunity since they were part of an illegal conspiracy. The court noted that even if the plaintiff's allegations were true, the conduct complained of "all occurred within the course of [the defendants'] court-appointed duties" and as a result, the guardian ad litem defendants were absolutely immune from liability. *Id.*

The same is true here. Even if the court accepts plaintiff's allegations as true and assumes that defendant Fisher perjured himself in plaintiff's child custody proceedings, his actions occurred in the course of his role as a court-appointed psychologist. As such, Fisher is entitled to absolute immunity and his motion to dismiss [12] is granted. *See id.*

### D. Defendant Michael T. Navigato's Motion to Dismiss [16]

Defendant Michael T. Navigato has filed his own motion to dismiss. *See* [16]. In his motion, Navigato argues that plaintiff's complaint should be dismissed pursuant to the Rooker-Feldman doctrine and the doctrine of *res judicata*. He also argues that plaintiff's Section 1983 claim fails under Federal Rule of Civil Procedure 12(b)(6) because after Judges Busch, Brawka, and Spence are dismissed as defendants, the defendants that remain are private parties and not state actors.

It is well established that a plaintiff asserting a Section 1983 claim must allege that a defendant violated his constitutional rights and acted under the color of state law when doing so.

*West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007). "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). To determine whether a private entity or individual is subject to suit under Section 1983, the court must ask whether the "alleged infringement of federal rights [is] fairly attributable to the state?" *Id.* at 823 (quotation marks omitted). The Seventh Circuit has identified a number of situations where private conduct is fairly attributable to the State, including "when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights" or "where the state compels the discriminatory action." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009).

Plaintiff's complaint here fails to explain how defendant Navigato, a private attorney who represented plaintiff's ex-wife in the divorce proceedings, could be considered a state actor. Indeed, the complaint is void of any allegations which suggest that the State in some way influenced defendant Navigato's conduct. *See* [1] at 4. While plaintiff seems to argue that Navigato should be considered a state actor because he was in an illegal conspiracy with Judges Busch, Brawka, and/or Spence, plaintiff's conclusory allegations fall short of establishing state action within the meaning of Section 1983. *See Fries v. Helsper*, 146 F.3d 452, 457-588 (7th Cir. 1998) (finding that conclusory allegations that a defendant attorney conspired with a judge to influence the judge's decision regarding a judgment was insufficient to allege state action for the purposes of Section 1983). The Seventh Circuit has held that "mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under the color of state law and are not sufficient to survive a motion to dismiss." *Id.* Thus, because the state actor defendants in this case are entitled to immunity and have already been dismissed, plaintiff's Section 1983 claim against defendant Navigato and defendants Victoria and Vincent Zingarelli fails. Plaintiff has not established that these private individual defendants acted under the color of state law and he therefore has failed to state a cognizable claim under Section 1983. *Rodriguez*, 577 F.3d at 822.

To the extent plaintiff is attempting to assert claims against defendant Navigato (or any other defendant) under 18 U.S.C. § 241, 18 U.S.C. § 242, or 18 U.S.C. § 1623, his claims also fail. These are criminal statues and do not provide a private cause of action for civil liability. *Lee v. Ambrose*, No. 4:12-CV-003-SEB-WGH, 2013 WL 1127605 at *2 (S.D. Ind. Mar. 18, 2013) (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (7th Cir. 2007)) (dismissing a plaintiff's claims under 18 U.S.C. § 241 and 18 U.S.C. § 242 because the statutes are only criminal statutes); *see also O'Donnell v. City of Chicago*, No. 02-C-1847, 2003 WL 1338027 at *5 (N.D. Ill. Mar. 17, 2003) (Castillo, J.) (dismissing a plaintiff's claim under 18 U.S.C. § 1623 because it is a criminal statute that offers no civil cause of action). Accordingly, the court finds plaintiff has failed to state a claim against defendant Navigato. As such, defendant Navigato's motion to dismiss [16] is granted.

### E. *Res Judicata & Collateral Estoppel*

As a final matter, the court finds it worth mentioning that dismissal of most, if not all, of plaintiff's claims is also appropriate under the doctrines of *res judicata* and collateral estoppel. While plaintiff argues that the doctrines are inapplicable because he did have the opportunity to "fully litigate his claims" and has included new allegations and new defendants in this case, his arguments are without merit.

For the application of *res judicata*, Illinois law requires (1) "final judgment on the merits rendered by a court of competent jurisdiction," and (2) "an identity of cause of action," and (3) the same parties or their "privies" in both cases. *Harmon v. Gordon*, 712 F.3d 1044, 1054 (7th Cir. 2013) (citing *Hudson v. City of Chicago*, 889 N.E.2d 210, 213 (Ill. 2008)). The doctrine of collateral estoppel or issue preclusion requires that "(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have actually been litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action." *H-D Mich., Inc. v. Top Quality Serv., Inc.*, 496 F.3d 755, 760 (7th Cir. 2007). After comparing the instant complaint with the complaint plaintiff filed before the Honorable Frederick J. Kapala in January 2013, it is clear that both doctrines also support dismissal.

First, Judge Kapala's dismissal of plaintiff's complaint on March 6, 2013 constituted a final judgment on the merits for the purposes of *res judicata* and collateral estoppel. *See Boyce v. Zingarelli*, No. 13-C- 50011 (N.D. Ill. March 6, 2013); [34]. Despite plaintiff's apparent contention that this did not constitute a final judgment because he "did not have a full and fair opportunity to litigate" his claims (*see* [25] at 2), the Seventh Circuit has held that "dismissal of complaint for failure to state a claim is an adjudication on the merits." *Harmon*, 712 F.2d at 1054 (citing *River Park, Inc. v. City of Highland Park*, 703 N.E. 883, 889 (Ill. 1998)); *see also Ellis v. Board of Jewish Educ.*, 722 F. Supp. 2d 1006, 1011 (N.D. Ill. 2010) (stating that a judgment is final for collateral estoppel purposes if the potential for appellate review is exhausted.). Judge Kapala's March, 2013 Order clearly states that plaintiff's federal claims were dismissed with prejudice because plaintiff "fail[ed] to state a claim, upon which relief may be granted." *See Boyce v. Zingarelli*, No. 13-C- 50011 (N.D. Ill. March 6, 2013); [34] at 2. Because of this, the finality element of both *res judicata* and collateral estoppel is satisfied.

Next, the court turns to whether there is an "identity of cause of action" between the two cases. *Harmon*, 712 F.3d at 1054. To determine whether two claims are the same for *res judicata* purposes, Illinois employs a transactional test. *Id.* at 1055. Under this test, "separate claims will be considered the same cause of action . . . if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id.* (citing *Chi. Title Land Trust Co. v. Potash Corp.*, 664 F.3d 1075, 1079-80 (7th Cir. 2011)). Plaintiff claims that the instant case does not have identical causes of action as the case he filed in January 2013 because a handful of his allegations here concern actions that allegedly occurred after the dismissal of the first complaint. This argument is without merit. Plaintiff's amended complaint in January 2013

included allegations concerning a conspiracy between Judge Busch and defendant Navigato. *See Boyce v. Zingarelli*, No. 13-C- 50011 (N.D. Ill. March 6, 2013); [10] at 13. The January 2013 complaint also alleged that Judge Busch was biased and untruthful during the divorce proceedings. While the instant complaint includes additional examples of where Judge Busch allegedly broke the law and additional allegations concerning Judges Brawka and Spence, the cause of action from which plaintiff claims he is entitled to relief are the same. In his January 2013 complaint, plaintiff attempted to assert federal claims under Section 1983, 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1623. *See Boyce v. Zingarelli*, No. 13-C- 50011 (N.D. Ill. March 6, 2013); [10]. He asserts the same causes of action here. As such, the court finds an identity of cause of action between the two cases and finds the second element of *res judicata* satisfied. *See Manicki v. Zilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (stating that "two claims are the one for the purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations.").

Finally, the court finds that the majority of the same parties or their "privies" are included in both cases. *Harmon*, 712 F.3d at 1054. Defendants Judge Busch, Daniel Fisher, Michael Navigato, Victoria Zingarelli, and Vincent Zingarelli are named defendants in both cases. *Cf.* [1]; and *Boyce v. Zingarelli*, No. 13-C- 50011 (N.D. Ill. March 6, 2013); [10]. While plaintiff argues that the addition of Judges Brawka and Spence make *res judicata* inapplicable, he ignores the principle of privity and ignores the fact that collateral estoppel bars his claims anyway. Like the state court judges who were named in plaintiff's first suit, Judges Brawka and Spence are unquestionably entitled to absolute immunity. This was litigated in plaintiff's first suit before the Honorable Judge Kapala and was essential to Judge Kapala's determination that plaintiff's federal claims should be dismissed with prejudice. There is no doubt plaintiff was fully represented in that suit. *See H-D Mich., Inc.*, 496 F.3d at 760 (stating the requirements for collateral estoppel to apply). Thus, to the extent *res judicata* does not apply to plaintiff's claims against defendants Judge Brawka and Judge Spence, collateral estoppel bars any claims against those defendants and further supports dismissal.

For the reasons above, the court grants defendants' motions to dismiss [12], [14], [16]. Plaintiff's federal claims are dismissed with prejudice. To the extent plaintiff has asserted any state law claims, the court dismisses those claims without prejudice. Plaintiff is on notice that any future attempts to assert similar claims in federal court will result in sanctions. All pending motions [34] are denied. This case is closed.

Date: 6/3/2014            ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)